11 CIV 8573

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CRISTINA FIERRO,

                Plaintiff,        **COMPLAINT AND**
                                       **JURY DEMAND**

      -against-

LAWRENCE TAYLOR,

                Defendant.
-----------------------------------------------------------x

        Plaintiff Cristina Fierro, by and through her attorneys, Cuti Hecker Wang LLP and Allred Maroko Goldberg LLP, for her Complaint alleges as follows:

## INTRODUCTION

1.       In the early hours of May 6, 2010, Defendant Lawrence Taylor sexually assaulted Cristina Fierro, a sixteen-year-old girl who had visible facial injuries from a beating she had just suffered at the hands of the man whom Taylor had called to provide him with a girl for commercial sex. Taylor, a 51-year-old former professional football player who is 6'3" and approximately 240 pounds, forced himself on Ms. Fierro, a slight teenager who was not only visibly injured, shaken and crying, but also expressly told him she did not want to engage in sex and tried to push his enormous body off hers. He then handed her $300. The assault occurred in Room 116 of the Holiday Inn in Suffern, New York, moments after Ms. Fierro was trafficked across state lines against her will and through the use of force and coercion. Both Taylor and the man who trafficked and beat Ms. Fierro were convicted of crimes based on these events.

2.       Every day, thousands of vulnerable girls and women are forcibly trafficked and abused, their bodies and personhood treated like objects and dehumanized by those with

power and resources. None of these girls or women should be suffering; Cristina Fierro is just one of them seeking justice. This lawsuit seeks to vindicate Ms. Fierro's civil rights and remedies under the Trafficking Victims Protection Act, the Rockland County law prohibiting gender-motivated violence and state common law.

## THE PARTIES

3. Plaintiff Cristina Fierro is now eighteen years of age and currently resides in Pennsylvania.

4. Defendant Lawrence Taylor is an individual who, upon information and belief, resides in Pembroke Pines, Florida.

## JURISDICTION AND VENUE

5. This action arises under the United States Code, the Rockland County Administrative Code, and New York common law.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1332, because the parties are citizens of different states and the matter in controversy exceeds the sum of seventy five thousand dollars ($75,000) exclusive of interest and costs.

7. The acts complained of occurred primarily in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## JURY DEMAND

8. Plaintiff hereby demands a trial by jury.

## FACTUAL ALLEGATIONS

**Background**

9. Cristina Fierro has had a difficult childhood and upbringing, often living without the support or guidance of any adult, finding shelter as she could with relatives and friends, and at other times being homeless and without any means of support.

10. At age sixteen, Ms. Fierro was lured into living with Rasheed Davis, who purported to befriend her and ultimately convinced her to stay with him and later, to dance at bars after-hours. Although Davis told Ms. Fierro that she could earn a living dancing at parties and bars, Davis often took the money that Ms. Fierro earned from dancing, allegedly to "pay costs" such as for rent or clothing.

11. Prior to May 6, 2010, Davis had also instructed Ms. Fierro on several occasions when she was dancing to provide sexual favors to customers in exchange for pay. Ms. Fierro ignored those instructions, never actually engaged in such activity, and instead only danced in exchange for tips and pay.

**The Night of the Assault**

12. On May 5, 2010, Davis learned that a potential client was interested in hiring a prostitute. That potential client was Lawrence Taylor.

13. That evening, Ms. Fierro was out with friends because Davis had told her to "take a night off." Davis repeatedly called and sent text messages to Ms. Fierro, telling her in sum and substance that he had a client for her and that she should have sex for money.

14. When Ms. Fierro did not immediately respond to the calls and texts, Davis's communications became progressively more angry and threatening. Davis eventually told Ms. Fierro that if she didn't come back to the house he would throw all her belongings in the trash.

15. Ms. Fierro returned to the house to try to salvage her belongings and immediately was confronted by an angry and abusive Davis. Davis became so enraged as Ms. Fierro continued to refuse to do as he wanted that he ultimately violently assaulted Ms. Fierro by punching her repeatedly and stomping on her face. As a result of this vicious attack, Ms. Fierro was left with a bloody nose and swollen eye, among other injuries.

16. After beating Ms. Fierro, Davis forced her to change into a dress and get into a car. Ms. Fierro cried hysterically throughout this ordeal and at various points over the course of the events attempted to get help by calling her uncle and his wife.

17. Davis drove Ms. Fierro from his home in the Bronx to the Holiday Inn in Suffern, New York. Upon information and belief, Davis and Ms. Fierro crossed state lines through New Jersey to reach their destination.

**Sexual Assault by Defendant Lawrence Taylor**

18. When Davis arrived at the Holiday Inn, he brought Ms. Fierro to room 116. Davis instructed Ms. Fierro to have sex with the man inside the room and to collect $300 for it.

19. Ms. Fierro's injuries were still fresh and clearly visible on her face when she entered the room and met Lawrence Taylor.

20. Ms. Fierro is approximately 5 feet 6 inches tall and at the time, weighed approximately 110 pounds. Taylor, a former professional football player, is approximately 6'3" and 240 pounds.

21. Ms. Fierro told Taylor that she needed to make a phone call to inform her driver that she was okay. Ms. Fierro then left the room, found a location in the hallway where she received cell phone service, and called her uncle again to report on her situation. Ms. Fierro's uncle connected her to a police officer, who advised her to call 911 and to leave her cell

4

phone connected in the room so that the police could track her location.

22. Ms. Fierro complied with the officer's instructions, but she later learned that her phone must not have received a signal inside the room, and the police were unable to come to her aid in time.

23. Ms. Fierro told Taylor that she had never been paid for sex before and that she did not wish to do so now. Because her injuries were fresh, Taylor would have been able to observe that Ms. Fierro's face was heavily bruised from Davis's recent physical assault and that she still had blood on her face. At various points, Ms. Fierro was visibly crying with tears running down her face.

24. Taylor ignored all of this and attempted to engage in various sexual acts with Ms. Fierro, including by forcing himself onto Ms. Fierro without using a condom. Taylor eventually put on a condom, but Ms. Fierro cried and repeatedly tried to push him off her as he forced himself inside her.

25. When Ms. Fierro finally succeeded in separating herself from Taylor, the condom that he had been using got stuck inside her. Ms. Fierro ran to the bathroom panicked, crying hysterically.

26. After Ms. Fierro came out of the bathroom, Taylor handed her $300 in cash and told her to leave his room.

27. Davis was waiting for Ms. Fierro outside of the hotel and told her to give him the cash. Davis then drove Ms. Fierro back to the Bronx in the early morning hours of May 6, 2010.

28. Ms. Fierro again communicated with her uncle from the car requesting help by text message. Ms. Fierro's uncle contacted the New York Police Department, and officers

arrested Davis when he arrived back at his house in the Bronx.

29. That same morning, officers from the Town of Ramapo Police Department went to the Holiday Inn in Suffern and found Taylor in the room that Ms. Fierro had identified. Taylor was placed under arrest.

30. Taylor and Davis ultimately were both convicted of the various crimes.

31. Ms. Fierro has been devastated by this ordeal. Taylor took advantage of her youth and vulnerability and left her feeling completely powerless and defenseless to protect the integrity of her own body. Ms. Fierro feels humiliated and physically and emotionally battered.

**FIRST CAUSE OF ACTION**
(Sex Trafficking of Children or By Force – Trafficking Victims Protection Act)

32. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

33. The Trafficking Victims Protection Act, 18 U.S.C. § 1591(a), makes it a crime to "[k]nowingly . . . in or affecting interstate . . . commerce, recruit[], entice[], harbor[], transport[], provide[], obtain[], or maintain[] by any means a person . . . knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, [or] coercion . . . will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act."

34. 18 U.S.C. §1595(a) permits a victim of an offense under Section 1591 to bring a civil action against the perpetrator of the crime. The statute also provides for the recovery of "damages and reasonable attorneys fees."

35. Cristina Fierro was a victim of a human sex trafficking offense because she was compelled through means of force, threats of force, and coercion to travel with Rasheed

Davis for the purpose of providing commercial sex to Defendant Lawrence Taylor. Davis has since pled guilty in the Southern District of New York to one count of sex trafficking in violation of Section 1591, for his conduct related to this incident.

36. Upon information and belief, Taylor arrived at the Holiday Inn in New York after flying into Newark Liberty International Airport in New Jersey, and crossing state lines by taking a car service to the hotel.

37. Upon information and belief, Taylor knew or recklessly disregarded the fact that Ms. Fierro had been transported through means of force, threats of force, and coercion; the recent injuries to Ms. Fierro's face were apparent, and she cried throughout her time in Taylor's hotel room, stated that she did not want to engage in commercial sex, and pushed Taylor off of her.

38. Upon information and belief, Taylor also knew or recklessly disregarded the fact that Ms. Fierro was younger than 18, which was evident from her appearance at the time of the incident.

39. Despite this knowledge, Taylor obtained and maintained Ms. Fierro in his hotel room for the purpose of engaging in nonconsensual sexual intercourse. Ms. Fierro was only sixteen years old at the time, and Davis had transported her to Taylor's room through the means of a violent assault.

40. As a direct result of Taylor's unlawful conduct, Ms. Fierro sustained substantial physical and emotional injuries.

## SECOND CAUSE OF ACTION
(Gender-Motivated Violence – Rockland County Administrative Code)

41. Plaintiff repeats and realleges the foregoing paragraphs as if the same were

fully set forth at length herein.

42. Rockland County Administrative Code § 279-4 establishes a civil cause of action for "any person claiming to be injured by an individual who commits a crime of violence motivated by gender."

43. Lawrence Taylor engaged in nonconsensual sexual intercourse with sixteen-year-old Cristina Fierro in a hotel room in Suffern, New York.

44. Taylor's sexual assault of Ms. Fierro constituted a felony against the person under both state and federal law.

45. Upon information and belief, Taylor's sexual assault of Ms. Fierro was committed, at least in part, because of Ms. Fierro's gender, and because of an animus based on her gender.

46. As a direct result of Defendant's unlawful conduct, Plaintiff sustained physical injury and substantial emotional harm.

47. Accordingly, under Rockland County Administrative Code § 279-4(A)(1) and (3), Plaintiff is entitled to, *inter alia*, "[c]ompensatory and punitive damages" and "[a]ttorneys' fees and costs."

### THIRD CAUSE OF ACTION
(Assault and Battery – New York Common Law)

48. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

49. During Cristina Fierro's encounter with Lawrence Taylor, Taylor subjected Ms. Fierro to unwanted bodily contact.

50. Taylor knew that his sexual advances were unwanted because Ms. Fierro explicitly said so, but he nonetheless persisted.

51. Taylor's repeated attempts to touch and engage in sexual acts with Ms. Fierro left her in imminent apprehension of harmful contact.

52. Taylor's actual touching of Ms. Fierro in a sexual manner, and his engaging in nonconsensual sexual intercourse, were knowingly offensive.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant as follows:

a. Ordering Defendant to pay compensatory damages in an amount to be determined at trial;

b. Ordering Defendant to pay punitive damages in an amount to be determined at trial;

c. Ordering Defendant to pay reasonable attorneys' fees and costs and interest; and

d. Awarding such other and further relief, including all disbursements and pre- and post-judgment interest, as the Court may deem just and proper.

Dated: New York, New York
November 28, 2011

CUTI HECKER WANG LLP

By: *Mariann Wang*
Mariann Meier Wang

305 Broadway, Suite 607
New York, New York 10007
(212) 620-2600

9

ALLRED MAROKO GOLDBERG
Gloria Allred*
Nathan Goldberg*
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048
(323) 653-6530

*Attorneys for Plaintiff Cristina Fierro*

\* motion for admission *pro hac vice* to be filed after service