UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CRISTINA FIERRO,

                Plaintiff,                        11 Civ. 8573 (BSJ)

      -against-

LAWRENCE TAYLOR,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PLAINTIFF CRISTINA FIERRO'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SANCTIONS**

CUTI HECKER WANG LLP
305 Broadway, Suite 607
New York, New York 10007

ALLRED MAROKO GOLDBERG
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Defendant Lawrence Taylor waited until the close of discovery in this action to move in state court to unseal Plaintiff Cristina Fierro's grand jury testimony from his earlier prosecution – testimony that he had known about *for years* since it was given in 2010. Defendant then made his motion without bothering to serve Ms. Fierro or her counsel with a copy of the motion or providing any opportunity to counter Defendant's outrageous misstatements and distortions.  Defendant nonetheless filed an affirmation in state court implying that he had served Ms. Fierro.

In fact, Ms. Fierro did not learn that Defendant's motion had been filed until *after* the state court ordered the testimony to be sent to this Court, and even then learned of it only through a non-party to this action, the Rockland County District Attorney's office.  Because the substance and process underlying Defendant's motion were both deeply flawed and contrary to the rules governing this civil action, Plaintiff respectfully requests that this Court sanction Defendant by declining to disseminate the grand jury testimony, or, in the alternative, to preclude Defendant from using the testimony at trial.

## I.     This Court Has the Power to Sanction Bad-Faith Conduct that Constitutes an Abuse of the Judicial Process

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses . . . ." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999) (citing *New York State NOW v. Terry*, 886 F.2d 1339, 1354 (2d Cir. 1989)).  "A court, pursuant to its inherent powers, may sanction conduct considered to be an abuse of the judicial process." *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. 220, 224 (W.D.N.Y. 2000) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 (1991)).  The power to sanction is "governed not by rule or statute but by the

control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43.

## II.   Mr. Taylor Unnecessarily Delayed Seeking the Grand Jury Minutes and Fact Discovery is Now Closed

Despite having been aware of Ms. Fierro's grand jury testimony since before this action was even filed – since Defendant's counsel in this matter was also his criminal defense counsel in the Rockland County prosecution – and certainly for the entirety of the four months of discovery in this action, Defendant waited until the very end of the fact discovery period to file his motion in state court. *See* Decl. of Alexander Goldenberg, dated August 21, 2012 ("Goldenberg Decl.") Ex. A (Def.'s Mot. to Unseal Grand Jury Minutes).  Ms. Fierro herself was deposed on June 22, 2012, nearly six weeks before fact discovery closed on July 31.  *See* ECF Doc. No. 20 (scheduling order dated March 23, 2012, establishing discovery deadline of July 31, 2012).  During Ms. Fierro's deposition, in just twelve brief questions that cover only five pages, Ms. Fierro indicated that she had described events to the grand jury in the same way that she had described them to law enforcement on other occasions and throughout her Complaint and deposition – that she had been beaten and brutalized before being brought into Defendant's hotel room, and that in the room she repeatedly indicated to Mr. Taylor in a variety of ways that she did not want to be there or to engage in sex.

Notwithstanding being aware of the grand jury testimony since the summer of 2010, and of Ms. Fierro's deposition testimony since June 22, 2012, Defendant waited until July 17, 2012, to casually inform Plaintiff's counsel in a telephone conversation – itself prompted by an e-mail from Plaintiff's counsel and covering a wide range of discovery related issues – that Defendant intended to move in Rockland County to have Ms. Fierro's grand jury testimony unsealed on the ground that it may be inconsistent with her deposition.  Although defense

counsel emailed Plaintiff the following day to indicate that they were planning to seek the grand

jury minutes, Plaintiff never heard anything further about whether such a motion had actually

been filed.  *See* Goldenberg Decl. Ex. B (copy of email correspondence).  Indeed, concerned that

Plaintiff had not been served with anything or given any other information, on July 27, Plaintiff

wrote to defense counsel stating that Plaintiff expected a copy of any motion being made to

obtain documents being produced or relevant to this action.  Goldenberg Decl. Ex. B. at 3.

      Notwithstanding Defendant's complete failure to serve Plaintiff with a copy of his

motion, defense counsel filed an affirmation in state court asserting that "notice of the within

application" had been provided to Ms. Fierro's attorneys "telephonically and by e-mail."

Goldenberg Decl. Ex. A (Aidala Aff. at 4).  Contrary to the misleading affirmation, Plaintiff was

never actually provided any copies of any filed papers at or prior to their filing, and not given

any opportunity to respond to Defendant's arguments.  In fact she did not even learn the motion

had been filed until several days after it had been granted.

      On July 31, 2012 – the last day of fact discovery – defense counsel called

Plaintiff's counsel and stated that they refused to provide any copy of the motion and indicated

instead that counsel could travel to Supreme Court in Rockland County to try obtaining a copy of

the motion from the Rockland County courthouse file without Defendant's assistance.   Later in

the day defense counsel evidently thought better of this position.  A few hours before the close of

fact discovery, counsel emailed Plaintiff's counsel a copy of the motion, which had been granted

days earlier.  Even then, Defendant did not bother to include a copy of the Order that was entered

by the state court on July 25, 2012, a copy of which Plaintiff obtained only later, as a courtesy

from the Assistant District Attorney.  *See* Goldenberg Decl. Ex. C (state court order).

The motion itself is remarkable.  Plaintiff was taken aback when she read the motion that Defendants had filed, which, as explained below, included unfounded and irrelevant attacks on her character.  Because of the delay and abuse of process attendant to Defendant's filing, Plaintiff's counsel e-mailed Defendant's counsel on the evening of July 31, to communicate their intent to move in this Court for a motion to preclude Defendant's use of the grand jury testimony.  Goldenberg Decl. Ex. B at 1.

### III.   Mr. Taylor Failed to Provide the Required Opportunity for Ms. Fierro to Oppose the Unsealing of Her Grand Jury Testimony

Section 190.25(4) of New York's Criminal Procedure Law establishes the secrecy of grand jury proceedings, and provides that testimony offered before a grand jury may only be disclosed "upon written order of the court."  Although a party may move in the trial court to unseal grand jury testimony, "disclosure is the exception rather than the rule," and "one seeking disclosure first must demonstrate a compelling and particularized need for access."  *Matter of Dist. Attorney of Suffolk County*, 58 N.Y.2d 436, 444 (1983) (internal quotation marks omitted).  Moreover, "just any demonstration will not suffice.  For it and the countervailing policy ground it reflects must be strong enough to overcome the presumption of confidentiality." *Id.*

The New York Court of Appeals has held that "the rule of secrecy applies" to a witness who testifies before a grand jury, and that such a witness has standing to challenge the release of his or her testimony.  *Id.* at 443.  Additionally, the Federal Rules of Civil Procedure mandate that a party provide proper notice of requests for information from non-parties, *see* Fed. R. Civ. P. 45(b)(1), and that a party serve opposing counsel with any motion filed in the case, *see* Fed. R. Civ. P. 5(a).

Despite these requirements – and the fundamental principle that an adversary be given the opportunity to respond to pertinent requests during litigation – Defendant never served

4

Ms. Fierro with a copy of his state court motion to unseal after he filed the motion on July 20, 2012. Indeed, Plaintiff remained entirely unaware that the motion had been filed until being informed by the Rockland County District Attorney's office that an Order had been issued by the state court. But for this fortuitous conversation with that office concerning a third-party subpoena, there is no telling if or when Plaintiff would have learned about the order or motion being filed.

The defense took advantage of their failure to serve Plaintiff by implying to the state court – in a sworn affirmation – that their motion had been provided to Ms. Fierro. This misleadingly suggested that Plaintiff had been served with a copy of the motion and given an opportunity to respond, which in fact never happened. Thus, the state court likely believed that Plaintiff acquiesced in Defendant's request, and even worse, that she had no response to the offensive allegations in the motion. Plaintiff would have contested the misrepresentations prior to issuance of the state court order if given the opportunity.

IV.    **Mr. Taylor's State Court Motion Was Riddled with Legal and Factual Misstatements and Gratuitous Attacks on Plaintiff**

In a sworn affirmation attached to Defendant's motion, attorney Arthur Aidala requested the unsealing of Ms. Fierro's testimony "for the limited purpose of your affiant to review, and if necessary, to use in filing a motion to dismiss the pending federal proceeding referred to herein." Goldenberg Decl. Ex. A (Aidala Aff. at 2). Mr. Aidala goes on to criticize Ms. Fierro's purported "attempt to rewrite and recreate history," and he stresses the need to file a motion "to dismiss the remaining causes of action that were not dismissed due to falsity of Plaintiff Fierro's allegations in the Civil Complaint." Goldenberg Decl. Ex. A (Aidala Aff. at 3-4).

5

In the memorandum of law accompanying Mr. Taylor's motion, Defendant accuses "Ms. Fierro, through her attorneys" of "undermining the grand jury process. They have brought a civil legal suit in an attempt to use the legal process *to extort money* from Taylor." Goldenberg Decl. Ex. A (Def.'s Br. at 2) (emphasis added). Mr. Taylor makes the same accusation again later in his brief. Goldenberg Decl. Ex. A (Def.'s Br. at 4). He also praises his own efforts to protect Ms. Fierro's identity during his criminal prosecution, and implicitly criticizes Ms. Fierro for coming forward to speak out about her experience and to hold the actors involved accountable.

It is unacceptable that Defendant would make these accusations without providing Plaintiff an opportunity to respond. As a threshold matter, Defendant's alleged need to obtain the grand jury minutes to "file a motion to dismiss" is procedurally and legally unsound. Such a motion would be untimely, because the time for answering the Complaint has long passed, and Defendant has already taken his opportunity to file a motion to dismiss.[1] *See* Fed. R. Civ. P. 12(a)(1). And such a motion would be legally unsound because a "motion to dismiss" cannot be predicated on the discovery of prior inconsistent statements, where, as here, a Complaint alleges sufficient facts on its face. *See, e.g.*, *In re Citigroup Erisa Litig.*, 662 F.3d 128, 135 (2d Cir. 2011) (complaint will survive motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Nor could the grand jury testimony serve as the basis for a summary judgment motion, because Plaintiff has produced substantial admissible evidence supporting the

---

[1]  As the Court is of course aware, Mr. Taylor's motion to dismiss resulted in dismissal of one count of the Complaint, and denial of the motion with respect to the other counts. The dismissal of Plaintiff's claim under the Trafficking Victims Protection Act was unrelated to the veracity of her allegations.

allegations in the Complaint.  *See, e.g., Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) ("Summary judgment is warranted only upon a showing 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" (quoting Fed.R.Civ.P. 56(a))).  Significantly, the evidence adduced during discovery shows a consistent history of statements to law enforcement by Ms. Fierro explaining that her intercourse with Mr. Taylor was non-consensual, as well as contemporaneous text messages and communications with third parties about the force and coercion used to compel Ms. Fierro to have sex.  Nonetheless, Plaintiff was denied the opportunity to make these arguments as a result of Mr. Taylor's failure to serve the motion.

This pattern of conduct – delaying filing until the end of the fact discovery period, gratuitously and falsely maligning Plaintiff in the motion, failing to serve the motion on Plaintiff's counsel, initially refusing to serve the motion when requested, and then serving only certain of the relevant papers a few hours before the conclusion of discovery – evidences bad-faith and a willful abuse of the judicial process on Defendant's part that should not be rewarded by allowing them to benefit from the unsealing of the minutes.  *See Sakon v. Andreo*, 119 F.3d 109, 114-15 (2d Cir. 1997) (Court may exercise its inherent power to sanction upon a finding of bad faith); *see also Blauinsel Stiftung v. Sumitomo Corp.*, 99 CIV 1108 (BSJ), 2001 WL 1602118, at *6-9 (S.D.N.Y. Dec. 14, 2001) (exercising inherent power and imposing sanctions, and noting that such action is justified "where a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Chambers*, 501 U.S. at 45-46)).  Accordingly, Plaintiff respectfully asks the Court to decline to disseminate the grand jury minutes, or, in the alternative, to preclude Defendant from using the testimony at trial.

7

**CONCLUSION**

For the foregoing reasons, Plaintiff Cristina Fierro respectfully requests that the

Court grant an order precluding the dissemination of Ms. Fierro's grand jury testimony, or, in the

alternative, that it preclude any use of the testimony at trial by Defendant.

Dated: New York, New York
       August 21, 2012

                           CUTI HECKER WANG LLP


                           By:____/s/ Mariann Meier Wang____
                                Mariann Meier Wang
                                Alexander Goldenberg

                           305 Broadway, Suite 607
                           New York, New York 10007
                           (212) 620-2600

                           ALLRED MAROKO GOLDBERG
                           Gloria Allred
                           Nathan Goldberg
                           6300 Wilshire Boulevard, Suite 1500
                           Los Angeles, California 90048
                           (323) 653-6530

                           *Attorneys for Plaintiff Cristina Fierro*