UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CRISTINA FIERRO

                     Plaintiff,         Index No.:
                                                1:11-cv-08573-BSJ

    - against –

LAWRENCE TAYLOR

                     Defendant.
-----------------------------------------------------------------------x

# DEFENDANT LAWRENCE TAYLOR'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF CRISTINA FIERRO'S MOTION FOR SANCTIONS

AIDALA & BERTUNA, P.C.
546 Fifth Avenue
New York, New York 10036

*Attorneys for Defendant*

## PRELIMINARY STATEMENT

Plaintiff Cristina Fierro ("Plaintiff") was deposed on June 22, 2012. During her deposition, Plaintiff swore to incriminating statements against Defendant Lawrence Taylor ("Taylor") and harsh statements about the Rockland County District Attorney's Office and some of the attorneys. Subsequent to reviewing Plaintiff's deposition, defense counsel sought to have the grand jury minutes, of an underlying criminal action brought against the Defendant in Rockland County, released by making a motion under indictment number 2010-247 before Hon. William A. Kelly of Supreme Court, Rockland County. Prior to making this motion, although not required to do so, Defense counsel gave notice to Plaintiff's counsel of its intent to make such a motion, first on July 17, 2012 during a telephone conversation and then on July 18, 2012 in an email memorializing said conversation. Therefore, the first time Plaintiff's counsel was given notice of the intent to file the motion was Fourteen (14) days prior to the end of fact discovery.

The motion seeking for the grand jury minutes to be released was filed on July 20, 2012. (Ex. A Mannarino Declaration). Hon. William A. Kelly ordered that Plaintiff's grand jury testimony be released to Hon. Barbara S. Jones on July 25, 2012 to be disseminated in compliance with the Order (Ex. B Mannarino Declaration). To date, Defense counsel has not seen, read or reviewed the Plaintiff's grand jury testimony. Assumingly, Plaintiff's grand jury testimony is a direct account of the incidents that took place on the late evening/ early morning of May 5/6 2010. It is highly probative in determining the truth of the events that took place. It is readily apparent that Plaintiff's counsel does not want Plaintiff's grand jury minutes released for fear that the testimony is

1

inconsistent with the statements Plaintiff made at her deposition. In an attempt to prevent defense counsel to review Plaintiff's grand jury minutes, Plaintiff's counsel makes false accusations, misinterprets the law and unduly burdens this Court with a frivolous motion seeking sanctions so that this Court may not disseminate the grand jury testimony or that Defendant Taylor may not be able to use said testimony during a trial. (Ex. C Mannarino Declaration)

**ARGUMENT**

**I)   Plaintiff incorrectly brings this Motion in the improper forum.**

Plaintiff brings this motion to prevent Defendant the opportunity to use Plaintiff's grand jury testimony. However, this is not the proper forum to determine whether or not the grand jury testimony should be disseminated. The correct forum is the Supreme Court, Rockland County. That is the Court that heard the underlying criminal matter, which pertains to the grand jury testimony. Federal law is clear that "federal courts will not order disclosure of state grand jury proceedings unless the party seeking to compel the disclosure (1) gives the State courts the initial opportunity to adjudicate the request and (2) can demonstrate a "particularized need" for the grand jury materials." *McCoy v. City of New York*, 2008 WL 3286270 at *1 (E.D.N.Y. 2008), citing *Palmer v. Estate of Stuart*, 2004, WL 2429806, at *2-3 (S.D.N.Y. 2004)

Defendant followed both required steps in his motion to unseal the grand jury minutes. First, Defendant motioned the Supreme Court, Rockland County to unseal the grand jury minutes. (Ex. A Mannarino Declaration) The Court, in an Order dated July 25, 2012 found that "With respect to Cristina Fierro's grand jury testimony, the People concede, and the Court agrees, that the defendant has established a compelling and

particularized need for disclosure." (Ex B Mannarino Declaration) Further, the Court did not release all of the minutes, just Plaintiff's grand jury testimony, stating "Ms. Fierro has placed the underlying facts in issue and has apparently contradicted herself concerning the use of force during the incident. Accordingly, disclosure is appropriate. The Defendant has not demonstrated a compelling and particularized need for disclosure of other witnesses' testimony." (Ex. B Mannarino Declaration) It is clear that both Hon. William A. Kelly and the District Attorney's office, through their concession, agree that Defendant made a compelling and particularized need for disclosure, not only by releasing Plaintiff's testimony, but by not releasing the other minutes. The Court must have, after reviewing the Plaintiff's testimony, saw material inconsistencies with Plaintiff's grand jury testimony and her subsequent allegations in the Complaint and statements made during her deposition.

In an attempt to frustrate the truth finding process, Plaintiff is requesting this Honorable Court to be complicit in sealing grand jury minutes which have been properly released according to State law. It would be improper for this Court to fail to disseminate the grand jury minutes as per the Order. If Plaintiff wishes to challenge the Supreme Court's Order, they may make a motion in State Court asking the Court to re-open and reconsider their decision. However, making an application to this court is improper and therefore this motion is meritless.

    II)    **Defendant Followed all Required Legal Procedures in Seeking to Release the Grand Jury Testimony.**

It is a well settled practice that in seeking to unseal grand jury testimony, a party must first apply "to the court in which the grand jury had been impaneled, for that is the court that possesses and controls the minutes." *McCoy v. City of New York*, 2008 WL

3

3286270 at *1 (2008), quoting *Waterman v. City of New York*, 1998 WL 23219 at *1, *Alvarado v. City of New York*, 2006 WL 22522511 at *2 (2006) (same). Although Section 190.25(4) of New York's Criminal Procedure Law establishes the secrecy of grand jury proceedings, it is at the trial court Judge's discretion whether or not to release the testimony upon a showing of "a compelling and particularized need for access." *Matter of Dist. Attorney of Suffolk County*, 58 N.Y.2d 436, 444 (1983).

Defendant motioned the Rockland County Criminal State court under Indictment No.: 2010-247 to release the grand jury testimony. The Court determined, and the District Attorney's office of Rockland County did not disagree, that Defendant "established a compelling and particularized need for disclosure" of Plaintiff's grand jury testimony. (Ex. A Mannarino Declaration) As such, the testimony has been released to Hon. Barbara S. Jones. During this process, Defendant did not commit any act which mandated that this Court place Sanctions upon the use of Plaintiff's grand jury testimony.

    a)    **Plaintiff fails to cite any federal authority which required defendant to present the motion seeking to unseal the grand jury minutes.**

In an attempt to offer some Federal Authority as to why sanctions are warranted, Plaintiff incorrectly cites both Federal Rules of Civil Procedure 45(b)(1) and 5(a). Neither of these rules apply to the within motion.

Generally, Fed. R. Civ. P. 45 deals strictly with subpoenas. Specifically, Fed. R. Civ. P. 45(b)(1) states how service of subpoenas ("By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas") are to be completed. The language of the Rule that Defendant assumes Plaintiff was looking to for authority (since the language is not cited in Plaintiff's motion papers) is "If the ***subpoena*** commands the production of documents,

electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." (*emphasis added*) Plaintiff throughout her motion alludes that Defendant's motion in state court is merely a subpoena. Plaintiff could not be more mistaken.

There is a clear distinction between subpoenas and motions. The definition of a subpoena is "A writ or order commanding a person to appear before a court or other tribunal, subject to a penalty for failing to comply."[1] A subpoena can also be used as a verb in which it "order(s) the production of (documents or other things) by subpoena."[2] A motion, on the other hand, is "A written or oral application requesting a court to make a specified ruling or order.[3]

Clearly Defendant could not subpoena the state court when seeking the release of the grand jury testimony. The only process to release grand jury testimony is to make a motion before the trial court. Plaintiff only suggests that the motion made in state court is a subpoena to offer federal authority as to why Defendant's actions were improper and warrant sanctions. However, it is clear that Fed. R. Civ. P. 45 does not apply, because the motion made in state court was not a subpoena.

Plaintiff further cites Fed. R. Civ. P. 5(a) to argue that there is federal authority "that a party serve opposing counsel with any motion filed in the case." (Plaintiff's MOL p. 4) If Defendant filed a motion in the within action, he then would have had to serve Plaintiff with a copy. However, Defendant did not file a motion in the within action. Instead, Defendant filed a motion under Indictment No:. 2010-247 in state court. Fed. R. Civ. P. 5(a) does not mandate that a Defendant provide copies of motion papers to

---

[1] Black's Law Dictionary (9th ed. 2009)
[2] Black's Law Dictionary (9th ed. 2009)
[3] Black's Law Dictionary (9th ed. 2009)

opposing counsel on motions made in other actions. Defendant would be obligated to turn over the grand jury testimony had he obtained the minutes due to Fed. R. Civ. P. 26, 33 or 34. However, no rule, let alone Fed. R. Civ. P. 5(a), requires Defendant to serve outside motion papers on opposing counsel.

### b) Plaintiff forfeited her standing to challenge the release of her grand jury testimony.

The Court of Appeals in *Matter of Dist. Attorney of Suffolk County*, 58 N.Y.2d 436 held that "the rule of secrecy applies equally to either one who gives evidence or to one concerning whom evidence is given." *Id* at 443. Further, the Court extended standing to respondents "who were all targets of a Grand Jury inquiry…to challenge an order allowing disclosure of the Grand Jury proceedings to the District Attorney for use in connection with a civil action against them." Plaintiff cites this case to argue that Plaintiff had standing to contest the release of her grand jury testimony and that Defendant acted improperly by not presenting Plaintiff with the state motion papers. However, due to the factual differences between the within action and *Matter of Dist. Attorney of Suffolk County*, the holding does not apply.

In *Matter of Dist. Attorney of Suffolk County* the District Attorney sought the release of grand jury testimony of respondents involving a possible criminal fraud investigation, to be used in connection in a Civil RICO action that the District Attorney was bringing forth. Therefore, the District Attorney wanted the grand jury testimony to be released prior to any criminal actions brought against the witnesses. Defendant in the within action, on the other hand, sought the release of grand jury testimony from a criminal case that has been long decided, to use in a federal civil case brought by the very witness (Plaintiff) who opposes the release of the testimony.

The protections of grand jury witnesses that *Matter of Dist. Attorney of Suffolk County* intended do not apply in the within action. Secrecy was the standard in preventing the release of the grand jury minutes. There is no fathomable reason to withhold the grand jury minutes if the witness compromises the secrecy of the testimony.

In the within action, Plaintiff clearly forfeited those protections and the secrecy of the grand jury testimony when she filed the public civil complaint and swore to certain allegations. Further, Plaintiff surrendered her standing to challenge the release of her grand jury testimony when she paraded around this Court house, with her counsel, discussing the events that occurred on the night in question. In an attempt to make this case even more public, Plaintiff subsequently appeared, with her counsel, during a news conference on national television describing the allegations in her Complaint.

Judge Kelly made it clear in his Decision and Order that "Ms. Fierro has placed the underlying facts in issue and has apparently contradicted herself concerning the use of force during the incident. Accordingly disclosure is appropriate. (Ex. B Mannarino Declaration) Had Plaintiff not filed a civil complaint or appeared on a national television news conference then she might have had standing to challenge the motion seeking her grand jury testimony released. However, Plaintiff compromised the secrecy of the grand jury testimony and therefore forfeited her standing.

II) **The Unsealing of Plaintiff's Grand Jury Testimony Does Not Prejudice Plaintiff.**

The release of Plaintiff's grand jury testimony does not prejudice Plaintiff in any way plausible. Plaintiff's grand jury testimony was her direct account of the events that took place on the night in question. Her recollection of the events were undoubtedly

more clear at the time of her testimony then they are today and therefore the minutes will provide more probative insight as to the events and her feelings that occurred. To prevent Defendant the opportunity to review and use Plaintiff's grand jury testimony would serve an injustice upon this Court in determining the truth of the events that occurred.

### a) Defendant would have been provided with Plaintiff's grand jury testimony had the underlying criminal action gone to trial.

The Court of Appeals held that under the Rosario doctrine a Defendant is entitled to any pre-trial statements made by government's witnesses. The Court went on to say that "As long as the statement relates to the subject matter of the witness' testimony…defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination." *People v. Rosario*, 9 NY2d 286 at 289 (1961) This decision was largely based on the holding in *Jenks v United States*, 353 US 657 at 667 (1957).

Defendant never received pre-trial statements by Plaintiff because Defendant entered into a plea agreement instead of going to trial. However, Defendant would have been provided with all of Plaintiff's grand jury testimony had the criminal action proceeded to trial. There was no authority for Plaintiff to prevent Defendant from obtaining her testimony. Furthermore, Plaintiff cannot benefit from the fact that Defendant plead to prevent probative evidence from being unsealed to use in the civil trial. The testimony is highly relevant in the within action and is in no way prejudicial to Plaintiff.

> **b)** **Defendant is unaware of what Plaintiff's grand jury minutes entail as Defendant has not seen or reviewed the testimony.**

Defendant has not seen or reviewed Plaintiff's grand jury testimony as there was no criminal trial. Defendant can only assume what Plaintiff's testimony was based on the crimes that he was charged with. In the underlying criminal action, Defendant was charged with i) Rape in the Third Degree; ii) Criminal Sexual Act in the Third Degree; iii) Endangering the Welfare of a Child; iv) Patronizing a Prostitute; and two counts of Sexual Abuse in the Third Degree. None of the crimes charged include any element of force.

As noted above, Plaintiff's grand jury testimony is highly relevant evidence as it is Plaintiff's sworn statement and freshest account of the events that took place during the night in question. However, Plaintiff makes this motion seeking for this Court to decline to disseminate the grand jury minutes or, in the alternative, to preclude Defendant from using the testimony at trial." (Ex. C Mannarino Declaration) to see the testimony. Defendant is baffled as to why Plaintiff would not want such relevant evidence to be disseminated. The only possible reason is that Plaintiff is aware of such severe inconsistencies between her grand jury testimony and the allegations in her Complaint and her deposition. In fact, Plaintiff must be aware of such material inconsistencies because Plaintiff concedes, in her own motion that Defendant would "benefit from the unsealing of the minutes." (Ex. C Mannarino Declaration) Defendant will benefit from the unsealing of the minutes if Plaintiff's testimony is so materially inconsistent that it shows that the allegations made in the Complaint are blatantly untrue. Should this be the case "district courts may dismiss a frivolous complaint *sua sponte* even when the Plaintiff

has paid the required filing fee" *Fitzgerald v. First East Seventh Street Tenants Corp*, 221 F.3d 362 at 364 (2000).

If Plaintiff has been truthful during all legal proceedings, then the testimony should reflect what was stated at her deposition. This would not be prejudicial to Plaintiff. Instead, it would be beneficial. It is evident, however, that Plaintiff believes the grand jury testimony to be detrimental to her case and therefore makes this frivolous motion to make every attempt to prevent Defendant from using such highly probative evidence. It is clear that should the grand jury testimony show how blatantly false the accusations in the Complaint are, this District Court has the discretion to dismiss the frivolous law suit *sua sponte*.

### III) Defendant Did Not Unduly Delay the Process because Plaintiff Provided Notice of the Motion Two Weeks Prior to the End of the Agreed Upon Discovery Period.

Defendant timely sought the unsealing of Plaintiff's grand jury testimony according to the Ordered schedule dated March 22, 2012. The schedule provides that "Fact discovery shall be closed by July 31, 2012. Discovery will not be conducted in phases." (Ex. D Mannarino Declaration) On June 22, 2012, Plaintiff was deposed by Defendant's attorneys. On July 17, 2012, counsel for Defendant telephonically provided notice to Plaintiff's counsel that they were going to motion the state court to unseal the grand jury minutes. On July 18, 2012, counsel for Defendant provided notice via e-mail to Plaintiff's counsel that Defendant was going to motion the state court to release the grand jury minutes. (Ex. E Mannarino Declaration)

All of the instances listed above happened prior to July 31, 2012, well within the agreed upon discovery period. Further, the first notice that a motion was going to be

made to Plaintiff's counsel was provided two weeks prior to the end of the agreed upon discovery period. In fact, Plaintiff's counsel did not respond to the July 18, 2012 email until July 27, 2012, in which Plaintiff demanded to be copied on any other communications with third parties without citing any authority. Plaintiff misleads this Court by claiming that Defendant unnecessarily delayed seeking the grand jury minutes when Defendant followed all proper procedures during the agreed upon fact discovery period.

## CONCLUSION

For the foregoing reasons, Defendant Lawrence Taylor respectfully requests that this Court deny Plaintiff Cristina Fierro's Motion for Sanctions.

Dated: New York, New York
       August 31, 2012

                         AIDALA & BERTUNA, P.C.

                By:    /s/ Arthur L. Aidala
                         Arthur L. Aidala
                         Ottavio V. Mannarino

                         546 Fifth Avenue
                         New York, New York 10036
                         (212) 750-9700
                         *Attorneys for Defendant Lawrence Taylor*