UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CRISTINA FIERRO,

                      Plaintiff,

     -against-                                ANSWER

LAWRENCE TAYLOR,

                      Defendant.
------------------------------------------------------------x

Defendant Lawrence Taylor ("Taylor"), by his attorneys, Aidala & Bertuna, LLP, for his answer to Plaintiff Cristina Fierro's ("Plaintiff") Complaint ("Complaint"), states as follows:

## INTRODUCTION

1. Taylor denies the allegations in paragraph 1 of the Complaint except that he admits he is a former professional football player who is 6'3" and approximately 240 pounds, that he gave Plaintiff $300 cash, and he was convicted of certain crimes through a plea agreement.

2. The allegations in paragraph 2 of the Complaint are allegations of a general statement to which no response is required. To the extent a response is required, Taylor denies the allegations.

## THE PARTIES

3. Taylor lacks information sufficient to permit him to admit or deny the allegations of paragraph 3 of the Complaint. To the extent a response is required, Taylor denies the allegations.

4. Admit the allegation in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations in paragraph 5 of the Complaint are allegations of law to which no response is required. To the extent a response is required, Taylor lacks information sufficient to permit him to admit or deny the allegations of paragraph 5.

6. Upon information and belief, Taylor denies that the Plaintiff's damages are sufficient to meet the minimum amount of damages as required under 28 U.S.C. § 1332

7. Taylor denies the allegations in paragraph 7 of the Complaint.

## JURY DEMAND

8. The allegations in paragraph 8 of the Complaint are allegations of law as to which no response is required. To the extent a response is required, Taylor denies the allegations.

## FACTUAL ALLEGATIONS

9. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 9 of the Complaint. To the extent a response is required, Taylor denies the allegations.

10. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 10 of the Complaint. To the extent a response is required, Taylor denies the allegations.

11. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 11 of the Complaint. To the extent a response is required, Taylor denies the allegations.

12. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 11 of the Complaint. To the extent a response is required, Taylor denies the allegations.

13. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 13 of the Complaint. To the extent a response is required, Taylor denies the allegations.

14. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 14 of the Complaint. To the extent a response is required, Taylor denies the allegations.

15. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 15 of the Complaint. To the extent a response is required, Taylor denies the allegations.

16. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 16 of the Complaint. To the extent a response is required, Taylor denies the allegations.

17. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 17 of the Complaint. To the extent a response is required, Taylor denies the allegations.

18. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 18 of the Complaint. To the extent a response is required, Taylor denies the allegations.

19. Taylor denies the allegations in paragraph 19 of the Complaint.

20. Taylor denies the allegations in paragraph 20 of the Complaint, except admits that Taylor is a former professional football player and is approximately 6'3" and 240 pounds.

21. Taylor denies the allegations in paragraph 21 of the Complaint, except admits that Ms. Fierro left the room at some point, but denies having sufficient knowledge as to what Ms. Fierro was doing upon leaving and re-entering the room.

22. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 22 of the Complaint. To the extent a response is required, Taylor denies the allegations.

23. Taylor denies the allegations in paragraph 23 of the Complaint.

24. Taylor denies the allegations in paragraph 24 of the Complaint.

25. Taylor denies the allegations in paragraph 25 of the Complaint, but admits that he did assist Ms. Fierro in removing the condom they had used.

26. Taylor admits to the allegations in paragraph 26 of the Complaint, but denies that he told Ms. Fierro to leave the room.

27. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 27 of the Complaint. To the extent a response is required, Taylor denies the allegations.

28. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 28 of the Complaint. To the extent a response is required, Taylor denies the allegations.

29. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 29 of the Complaint. To the extent a response is required, Taylor denies the allegations, except admits that he was placed under arrest May 6, 2010.

30. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 30 of the Complaint. To the extent a response is required, Taylor denies the allegations except that Taylor was convicted of the following crimes as a result of a plea agreement: patronizing a prostitute and sexual misconduct

31. Taylor denies the allegations in paragraph 31 of the Complaint.

## FIRST CAUSE OF ACTION

The within Cause of Action under ¶¶ 32-40 has been dismissed pursuant to an Order signed by Honorable Judge Jones, dated July 2, 2012.

## SECOND CAUSE OF ACTION

(Gender-Motivated Violence – Rockland County Administrative Code)

41. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 41 of the Complaint. To the extent a response is required, Taylor denies the allegations.

42. The allegations in paragraph 42 of the Complaint are allegations of law to which no response is required. To the extent that a response is required, Taylor denies the allegations.

43. Taylor denies the allegation in paragraph 43 that he engaged in nonconsensual sexual intercourse with Ms. Fierro. Taylor admits that he and Ms. Fierro engaged in consensual sex in a hotel room in Suffern, New York. Taylor lacks

information sufficient to permit him to admit or deny whether Cristina Fierro was sixteen (16) years old at the time they engaged in consensual sex.

44. Taylor denies the allegations of paragraph 44 of the Complaint, especially that Taylor committed a sexual assault upon Ms. Fierro.

45. Taylor denies the allegations of paragraph 45 of this Complaint, especially that Taylor committed a sexual assault upon Ms. Fierro.

46. Taylor denies the allegations of paragraph 46 of this Complaint.

47. The allegations in paragraph 47 of the Complaint are allegations of law to which no response is required. To the extent a response is required, Taylor denies the allegations.

## THIRD CAUSE OF ACTION

(Assault and Battery – New York Common Law)

48. Taylor lacks information sufficient to permit him to admit or deny the allegations in paragraph 48 of the Complaint. To the extent a response is required, Taylor denies the allegations

49. Taylor denies the allegations in paragraph 49 of the Complaint.

50. Taylor denies the allegations in paragraph 50 of the Complaint.

51. Taylor denies the allegations in paragraph 51 of the Complaint.

52. Taylor denies the allegations in paragraph 52 of the Complaint.

### As And For A First Affirmative Defense

1. Plaintiff's Complaint and the causes of action therein fail to assert personal jurisdiction under 28 U.S.C. §1332 in that Plaintiff fails to allege any facts that support a that the amount in controversy exceeds seventy-five thousand ($75,000) dollars, exclusive of interests and costs.

### As And For A Second Affirmative Defense

2. Plaintiff's Complaint and the causes of action therein fail to state a cause of action upon which relief can be granted.

### As And For A Third Affirmative Defense

3. Plaintiff is estopped from any claim as to the second and third cause of action, in that Plaintiff acquiesced, consented and induced Defendant to engage in physical, sexual activity.

### As And For A Fourth Affirmative Defense

4. Plaintiff was persuaded and influenced by outside parties to make the claims stated in the second and third cause of action even though those claims lack merit and substance.

WHEREFORE, Defendant Taylor demands judgment against Plaintiff as follows:

a. dismissing Plaintiff's complaint with respect to Plaintiff's second and third causes of action with prejudice;

b. the costs and disbursements of this action, including reasonable attorney fees; and

c. such other and further relief as to this Court deems proper.

Dated: September 14, 2012
New York, New York

> Respectfully Submitted,
> Aidala & Bertuna, LLP
>
> By: _____
> Ottavio V. Mannarino
>
> 546 Fifth Avenue
> New York, New York 10036
> (212) 750-9700
> *Attorneys for Defendant Lawrence Taylor*