UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CRISTINA FIERRO,

        Plaintiff,                            11 Civ. 8573 (BSJ)

    -against-

LAWRENCE TAYLOR,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# PLAINTIFF CRISTINA FIERRO'S PROPOSED JURY INSTRUCTIONS

CUTI HECKER WANG LLP
305 Broadway, Suite 607
New York, New York 10007

ALLRED MAROKO GOLDBERG
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048

*Attorneys for Plaintiff*

Plaintiff respectfully requests that the Court include the following in its charge to the Jury:[1]

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1
Summary of Claims

We now turn to the law applicable to Plaintiff's claims in this lawsuit.

As you know from the testimony you have heard, in the early morning hours of May 6, 2010, Plaintiff Cristina Fierro and Defendant Lawrence Taylor had an encounter in Taylor's hotel room in Rockland County.  It is undisputed that Taylor made bodily contact with the Plaintiff while they were in Taylor's room.

Ms. Fierro alleges that the bodily contact made by Taylor was nonconsensual and that a reasonable actor would have understood that Ms. Fierro was not consenting.  Based on these allegations, Plaintiff brings legal claims under New York State law and the Rockland County Administrative Code.  I will discuss these more fully later.  However, Plaintiff's legal claims may be summarized as follows:

(1)     First, Cristina Fierro alleges that Lawrence Taylor assaulted and battered her by engaging in nonconsensual sexual intercourse and/or other nonconsensual bodily contact.

(2)     Second, Cristina Fierro alleges that Lawrence Taylor engaged in an act of gender-motivated violence.

Based on these legal claims, Plaintiff seeks what are called "compensatory damages" to compensate her for physical pain and suffering and emotional distress.  Plaintiff also seeks "punitive damages" to punish Taylor for wanton and reckless conduct.

---

[1] Plaintiff reserves the right to submit amended or supplemental proposed jury charges based on the evidence submitted at trial.

2

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2</u>
Assault and Battery

In the first count of this action, Plaintiff Cristina Fierro seeks damages for assault and battery.  A person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from his act.

A person commits assault when he places another person in reasonable fear of imminent harmful or offensive bodily contact.

Intent involves the state of mind with which an act is done.  The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive.  An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

Plaintiff Cristina Fierro claims that defendant Lawrence Taylor engaged in sexual intercourse and other bodily contact with Plaintiff without her consent.  Lawrence Taylor admits that he engaged in this conduct but says that Cristina Fierro consented.

If you find that Lawrence Taylor intentionally engaged in sexual intercourse or other bodily contact with Cristina Fierro, and that Cristina Fierro did not consent to any or all such contact, then you will find that Lawrence Taylor committed assault and battery.   If you find that Cristina Fierro consented to all of Lawrence Taylor's bodily contact, then you will find that Lawrence Taylor did not commit assault or battery.

Authority: N.Y. Civil Pattern Jury Instructions PJI 3:3 (3d ed.); *see also Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir.2001); *5 Borough Pawn, LLC. v. Marti*, 753 F. Supp. 2d 186, 200-01 (S.D.N.Y. 2010); *Farash v. Cont'l Airlines, Inc.*, 574 F. Supp. 2d 356, 368 (S.D.N.Y. 2008); *Nicholson v. Luce*, 55 A.D.3d 416, 866 N.Y.S.2d 52, 53 (1st Dep't 2008).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3
Consent

Consent is willingness in fact for conduct to occur.  It may be manifested by action or inaction.

If words or conduct are reasonably understood by another to be intended as consent, they constitute apparent consent and are as effective as consent in fact.

On the other hand, if words or conduct are reasonably understood to convey lack of consent, then even a subjective belief in consent by Defendant is not sufficient.  In other words, if a reasonable person would have understood from her words or conduct that Plaintiff Cristina Fierro did not give consent for some or all of the bodily contact, then Defendant Lawrence Taylor was not justified in acting upon the assumption that consent was given, even though he subjectively so believed.

Consent to one particular type of conduct is not consent to entirely different conduct.  If an actor exceeds the consent conveyed, the consent is not effective for the excess, and the actor will be liable for the bodily contact for which there was no consent.

Additionally, upon termination of consent its effectiveness is terminated.  A person may convey consent but then revoke it at any time, and if an actor proceeds with the activity after consent has been revoked, he will be liable for any bodily contact made after the revocation.

Authority: Restatement (Second) of Torts § 892; Restatement (Second) of Torts § 892A; *see also Wende C. v. United Methodist Church*, 4 N.Y.3d 293, 298 (2005) (citing Restatement (Second) of Torts as authority for definition of battery under New York law); *Turcotte v. Fell*, 68 N.Y.2d 432, 437-39 (1986) (citing Restatement § 892 as authority for definition of consent); *Puranmalka v. Puranmalka*, 149 A.D.2d 493, 494-95 (2d Dep't 1989) (same); *Warner v. Orange County Dept. of Prob.*, 968 F. Supp. 917, 923-24 (S.D.N.Y. 1997).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4
Gender-Motivated Violence

In the second count of this action, Plaintiff Cristina Fierro seeks damages for gender-motivated violence under the Rockland County Administrative Code.

You will find that Defendant Lawrence Taylor violated this statute if he committed a crime of violence motivated by gender.

A "crime of violence" is an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction.

I am instructing you that if you find that Defendant Lawrence Taylor engaged in sexual intercourse or sexual contact with Plaintiff Cristina Fierro and that she did not consent, then Lawrence Taylor will have committed a misdemeanor or felony against the person as defined in state law.

A crime of violence is committed because of gender or on the basis of gender if it is due, at least in part, to an animus based on the victim's gender.

Because unwanted or unwelcome sexual contact may be demeaning and belittling, and may reasonably be inferred to be intended to have that purpose or to relegate another to an inferior status, the "animus" requirement may be satisfied by unwelcome sexual contact even if the contact was also intended to satisfy the actor's sexual desires.

If you find that Defendant Lawrence Taylor engaged in unwanted sexual intercourse or other unwanted sexual contact with Plaintiff Cristina Fierro and that Plaintiff was demeaned or belittled by that experience, that is sufficient to make a showing of gender-motivated animus.

Authority: Rockland County Administrative Code § 279-4; New York State Penal Code Article 130; *Doe v. Hartz*, 970 F. Supp. 1375, 1408 (N.D. Iowa 1997), *rev'd in part and vacated in part on other grounds by*, 134 F.3d 1339 (8th Cir. 1998); *see also McCann v. Bryon L. Rosquist, D.C., P.C.*, 185 F.3d 1113, 1115 (10th Cir. 1999).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5
Damages

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiff.  It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from Defendant.  Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages.  If you find that the Plaintiff is entitled to recover from the Defendant, you must render a verdict in a sum of money that will justly and fairly compensate the Plaintiff for all losses resulting from the injuries she sustained.

Authority:    N.Y. Civil Pattern Jury Instructions PJI 2:272 (3rd Ed.).

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 6</u>
Compensatory Damages

If you find that Defendant Lawrence Taylor violated Plaintiff Cristina Fierro's rights under New York common law for assault and battery, or under the Rockland County Administrative Code, then Plaintiff is entitled to compensation for physical pain and suffering, humiliation, emotional trauma, and mental suffering and anguish as a result of being subjected to unwanted sexual intercourse or other unwanted bodily contact and/or of being the victim of a crime of violence motivated by gender.

These compensatory damages may include damages for the physical pain and suffering and experience of the assault and battery itself, including based on Plaintiff's own testimony of any pain she may have suffered or the evidence of medical treatment she received for such physical pain and suffering.

Compensatory damages may also include damages for the emotional distress, mental anguish, and psychological trauma including sleeplessness, fear, effects on the Plaintiff's physical health, being upset, anxiety, sadness, or effects on her relationships with others.

You may rely on the Plaintiff's own testimony and description of how the conduct affected and changed her life, and caused her feelings of fear, anxiety and depression, in assessing whether the Plaintiff suffered emotional distress, mental anguish and psychological trauma and, if so, the degree to which she suffered such. You may also rely on the testimony of Plaintiff's family for the same. The Plaintiff need not prove, however, that the emotional upset caused any type of physical condition in order to recover for emotional distress. There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically measurable damage. There is also no requirement that a claim of emotional

8

distress be supported by evidence from a medical or mental health professional who treated the Plaintiff, although such evidence may be considered.

Authority: *Cross v. New York City Transit Auth.*, 417 F.3d 241, 258 (2d Cir. 2005); *Meacham v. Knolls Atomic Power Lab.*, 381 F.3d 56, 78 (2d Cir. 2004); *Broome v. Biondi*, 17 F. Supp. 2d 211, 223-26 (S.D.N.Y. 1997); *Schulman v. Group Health Inc.*, 39 A.D.3d 223, 225 (1st Dep't 2007); *Garcia v. Lawrence Hosp.*, 5 A.D.3d 227, 228 (1st Dep't 2004); *119-121 East 97th Street Corp. v. New York City Com'n on Human Rights*, 220 A.D.2d 79, 85 (1st Dep't 1996).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 7
Emotional and Physical Suffering as Elements of Compensatory Damages

As I just instructed, if you find for Plaintiff, she is entitled to be compensated for her emotional and mental distress, as well as for her physical pain and suffering.  If you should find in favor of Plaintiff, you will award her a sum which will compensate her reasonably for (i) her physical pain and suffering; (ii) any emotional pain, humiliation and mental anguish already suffered and which the wrongful conduct of Defendant was a substantial factor in bringing about; and (iii) any emotional pain, humiliation and mental anguish which you find from the evidence in the case that Plaintiff is reasonably likely to suffer in the future from the same cause.

Authority:  N.Y. Civil Pattern Jury Instructions PJI 2:284 (3d ed.); Federal Jury Practice, § 165.70.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8
Damages – Increased Susceptibility to Injury

The fact that the Plaintiff may have a condition that makes her more susceptible to emotional injury than a normal healthy person does not relieve the Defendant of liability for all emotional injuries sustained as a result his conduct.  Defendant is liable even though those injuries are greater than those that would have been sustained by a normal healthy person under the same circumstances.

Authority:       N.Y. Civil Pattern Jury Instructions PJI 2:283 (3d ed.).

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9</u>
Punitive Damages

In addition to awarding damages to compensate the Plaintiff for her injuries, you may, but you are not required to, award Plaintiff Cristina Fierro punitive damages if you find that the acts of Defendant that caused the injury complained of were wanton and reckless. Punitive damages may be awarded for conduct that represents a high degree of immorality. The purpose of punitive damages is not to compensate the Plaintiff but to punish Defendant for wanton and reckless acts and thereby to discourage Defendant and other people from acting in a similar way in the future.

An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of others. If you find that Defendant's acts were not wanton and reckless, you need proceed no further in your deliberations on this issue. On the other hand, if you find that Defendant's acts were wanton and reckless, you may award Plaintiff punitive damages.

In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what Defendant did. That would include the character of the wrongdoing, such as the sexual nature of the conduct, the indifference to Plaintiff's physical injuries, the lack of concern for Plaintiff after the fact, and whether Defendant's conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of another, whether the acts were done with an improper motive or vindictiveness, whether the act or acts constituted outrageous or oppressive intentional misconduct, how long the conduct went on, Defendant's awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, and the actual and potential harm created by Defendant's conduct.

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by Cristina Fierro, and to the compensatory damages you award Cristina Fierro.  The reprehensibility of Defendant's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by Cristina Fierro and the compensatory damages you have awarded her.

In considering an amount of punitive damages, you may also consider the defendant's financial condition and the impact your punitive damages award will have on defendant.

In reporting your verdict, you will state the amount awarded by you as punitive damages.

Authority:   N.Y. Civil Pattern Jury Instructions PJI 2:278 (3d ed.) (Damages—Punitive).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CRISTINA FIERRO,

        Plaintiff,                               11 Civ. 8573 (BSJ)

  -against-                                   **[PLAINTIFF'S PROPOSED]**
                                                    **VERDICT FORM**

LAWRENCE TAYLOR,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

(1) With respect to Plaintiff's claim of assault and battery, how do you find?

For Plaintiff       _____

For Defendant      _____

(2) With respect to Plaintiff's claim of gender-motivated violence, how do you find?

For Plaintiff       _____

For Defendant      _____

(3) If your answer to Question 1 or 2 is "For Plaintiff," state the amount of compensatory damages caused by Defendant's conduct:

                        $_____

(4) If your answer to Question 1 or 2 is "For Plaintiff," is Plaintiff entitled to punitive damages?

                    Yes _____    No _____

(5) If your answer to Question 4 is "Yes," state the amount of punitive damages to which Plaintiff is entitled:

                        $_____

Dated: New York, New York
October 16, 2012

                    CUTI HECKER WANG LLP

                    By: /s/Alexander Goldenberg
                          Mariann Meier Wang
                          Alexander Goldenberg

                    305 Broadway, Suite 607
                    New York, New York 10007
                    (212) 620-2606

                    ALLRED MAROKO GOLDBERG
                    Gloria Allred
                    Nathan Goldberg
                    6300 Wilshire Boulevard, Suite 1500
                    Los Angeles, California 90048
                    (323) 653-6530

                    *Attorneys for Plaintiff Cristina Fierro*